UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DAMON PARHAM, #674761,

    Petitioner,

v.                                            CASE NO. 2:10-CV-13090
                                               HONORABLE PAUL D. BORMAN

THOMAS BELL,

    Respondent.
_____/

## OPINION AND ORDER DENYING THE PETITION FOR A WRIT OF HABEAS CORPUS, DENYING A CERTIFICATE OF APPEALABILITY, AND DENYING LEAVE TO PROCEED IN FORMA PAUPERIS ON APPEAL

### I. Introduction

This is a habeas case brought pursuant to 28 U.S.C. § 2254. Michigan prisoner Damon Parham ("Petitioner") was convicted of possession with intent to deliver between 225 and 650 grams of cocaine, MICH. COMP. LAWS § 750.333.7401(2)(a)(ii), following a bench trial in the Wayne County Circuit Court in 2007. He was sentenced to 7 to 30 years imprisonment in 2008. In his pleadings, Petitioner raises claims concerning the validity of the police stop of his vehicle and search of his person and the effectiveness of trial counsel for failing to seek suppression of the seized cocaine and dismissal of the charges. For the reasons set forth herein, the Court denies the petition for a writ of habeas corpus. The Court also denies a certificate of appealability and denies leave to proceed *in forma pauperis* on appeal.

### II. Facts and Procedural History

Petitioner's conviction arises from a vehicle stop and the seizure of approximately 250 grams

of crack cocaine during a search of his person in Detroit, Michigan on August 2, 1999. The Michigan Court of Appeals provided a brief summary of the facts, which is presumed correct on habeas review, *see Monroe v. Smith*, 197 F. Supp. 2d 753, 758 (E.D. Mich. 2001), *aff'd.* 41 F. App'x 730 (6th Cir. 2002), as follows:

> On August 2, 1999, the police stopped a vehicle driven by defendant.[FN1] Officer Diaz testified that she approached the vehicle from the driver's side and ordered defendant to step out. Officer Diaz searched defendant for weapons and, in his right front pants pocket, "felt a hard object which I believe was narcotics." According to Officer Diaz, "it was a hard object and I think in plastic. So based on my previous experience,[FN2] I believed it to be narcotics." Officer Diaz reached into defendant's pocket and pulled out a baggy containing a lumpy white substance that was similar to crack cocaine. The total weight of the substance was 250.79 grams. Officer Diaz also seized $212 from defendant and $721 from a passenger in the vehicle. A digital scale and other narcotics were later discovered in the vehicle, but defendant was acquitted of additional charges relating to the other contraband. In a statement, defendant indicated that he obtained the vehicle from a friend and denied knowing that it was wanted. He admitted that he possessed approximately 200 to 250 grams of cocaine.
>
> FN1. The trial testimony did not describe the reason for the stop other than mentioning that the vehicle was "wanted."
>
> FN2. At the time of the stop, Officer Diaz had approximately one year of experience in narcotics investigation.

*People v. Parham*, No. 283675, 2009 WL 4981160, *1 (Mich. Ct. App. Dec. 22, 2009) (unpublished).

Following his conviction and sentencing, Petitioner filed a motion for remand and dismissal with the Michigan Court of Appeals asserting that the search of his person was improper and that trial counsel was ineffective for failing to seek suppression of the seized evidence. The court denied the motion. Petitioner also filed an appeal of right with the Michigan Court of Appeals asserting that: (1) the vehicle stop and the search of his pants pocket were unconstitutional, (2) trial counsel was ineffective for failing to seek suppression of the seized evidence; and (2) his jury trial waiver

was invalid. The court denied relief on those claims and affirmed Petitioner's convictions. *Parham*, 2009 WL 4981160 at *1-4. Petitioner then filed an application for leave to appeal with the Michigan Supreme Court, which was denied in a standard order. *People v. Parham*, 486 Mich. 929, 781 N.W.2d 825 (2010).

Petitioner thereafter instituted this federal habeas action raising the illegal stop/illegal search and seizure claim and the ineffective assistance of trial counsel claim presented to the state courts on direct appeal of his convictions. Respondent has filed an answer to the petition contending that it should be denied because the claims are barred by procedural default and/or lack merit.

### III. Standard of Review

The provisions of the Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA"), codified 28 U.S.C. § 2241 *et seq.*, govern this case because Petitioner filed his petition after the AEDPA's effective date. *See Lindh v. Murphy*, 521 U.S. 320, 336 (1997). The AEDPA provides:

> An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim--
>
> (1) resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
>
> (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. §2254(d) (1996).

"A state court's decision is 'contrary to' ... clearly established law if it 'applies a rule that contradicts the governing law set forth in [Supreme Court cases]' or if it 'confronts a set of facts that are materially indistinguishable from a decision of [the Supreme] Court and nevertheless

3

arrives at a result different from [that] precedent.'" *Mitchell v. Esparza*, 540 U.S. 12, 15-16 (2003) (per curiam) (quoting *Williams v. Taylor*, 529 U.S. 362, 405-06 (2000)); *see also Bell v. Cone*, 535 U.S. 685, 694 (2002). "[T]he 'unreasonable application' prong of § 2254(d)(1) permits a federal habeas court to 'grant the writ if the state court identifies the correct governing legal principle from [the Supreme] Court but unreasonably applies that principle to the facts of petitioner's case." *Wiggins v. Smith*, 539 U.S. 510, 520 (2003) (quoting *Williams*, 529 U.S. at 413); *see also Bell*, 535 U.S. at 694. However, "[i]n order for a federal court find a state court's application of [Supreme Court] precedent 'unreasonable,' the state court's decision must have been more than incorrect or erroneous. The state court's application must have been 'objectively unreasonable.'" *Wiggins*, 539 U.S. at 520-21 (citations omitted); *see also Williams*, 529 U.S. at 409. The "AEDPA thus imposes a 'highly deferential standard for evaluating state-court rulings,' and 'demands that state-court decisions be given the benefit of the doubt.'" *Renico v. Lett*, _ U.S. _, 130 S. Ct. 1855, 1862 (2010) (quoting *Lindh*, 521 U.S. at 333, n. 7; *Woodford v. Viscotti*, 537 U.S. 19, 24 (2002) (per curiam)).

The Supreme Court recently held that "a state court's determination that a claim lacks merit precludes federal habeas relief so long as 'fairminded jurists could disagree' on the correctness of the state court's decision." *Harrington v. Richter*, _ U.S. _, 131 S. Ct. 770, 786 (2011) (citing *Yarborough v. Alvarado*, 541 U.S. 652, 664 (2004)). The Supreme Court emphasized "that even a strong case for relief does not mean the state court's contrary conclusion was unreasonable." *Id.* (citing *Lockyer v. Andrade,* 538 U.S. 63, 75 (2003)). Pursuant to § 2254(d), "a habeas court must determine what arguments or theories supported or . . . could have supported, the state court's decision; and then it must ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision" of the Supreme Court.

4

*Id.* Thus, in order to obtain habeas relief in federal court, a state prisoner must show that the state court's rejection of his claim "was so lacking in justification that there was an error well understood and comprehended in existing law beyond any possibility for fairminded disagreement." *Id.*

Section 2254(d)(1) limits a federal habeas court's review to a determination of whether the state court's decision comports with clearly established federal law as determined by the Supreme Court at the time the state court renders its decision. *See Williams*, 529 U.S. at 412; *see also Knowles v. Mirzayance*, _ U.S. _, 129 S. Ct. 1411, 1419 (2009) (noting that the Supreme Court "has held on numerous occasions that it is not 'an unreasonable application of clearly established Federal law' for a state court to decline to apply a specific legal rule that has not been squarely established by this Court") (quoting *Wright v. Van Patten*, 552 U.S. 120, 125-26 (2008) (per curiam)); *Lockyer v. Andrade*, 538 U.S. 63, 71-72 (2003). Section 2254(d) "does not require a state court to give reasons before its decision can be deemed to have been 'adjudicated on the merits.'" *Harrington*, 131 S. Ct. at 785. Furthermore, it "does not require citation of [Supreme Court] cases–indeed, it does not even require *awareness* of [Supreme Court] cases, so long as neither the reasoning nor the result of the state-court decision contradicts them." *Early v. Packer*, 537 U.S. 3, 8 (2002); *see also Mitchell*, 540 U.S. at 16. While the requirements of "clearly established law" are to be determined solely by Supreme Court precedent, the decisions of lower federal courts may be useful in assessing the reasonableness of the state court's resolution of an issue. *See Stewart v. Erwin*, 503 F.3d 488, 493 (6th Cir. 2007) (citing *Williams v. Bowersox*, 340 F.3d 667, 671 (8th Cir. 2003)); *Dickens v. Jones*, 203 F. Supp. 354, 359 (E.D. Mich. 2002).

A state court's factual determinations are presumed correct on federal habeas review. *See* 28 U.S.C. § 2254(e)(1). A habeas petitioner may rebut this presumption only with clear and

convincing evidence. *See Warren v. Smith*, 161 F.3d 358, 360-61 (6th Cir. 1998). Moreover, habeas review is "limited to the record that was before the state court." *Cullen v. Pinholster*, _ U.S. _, 131 S. Ct. 1388, 1398 (2011).

## IV. Analysis

### A. Illegal Stop/Illegal Search and Seizure Claim

Petitioner first asserts that he is entitled to habeas relief based upon alleged violations of the Fourth Amendment. Specifically, he alleges that the stop of his vehicle and the ensuing search of his pants pocket and seizure of evidence were unconstitutional. Respondent contends that this claim is barred by procedural default, is not cognizable, and/or lacks merit.

Federal courts will not address a Fourth Amendment claim upon habeas review if the petitioner had a full and fair opportunity to litigate the claim in state court and the presentation of the claim was not thwarted by any failure of the state's corrective processes. *Stone v. Powell*, 428 U.S. 465, 494-95 (1976). A court must perform two distinct inquiries when determining whether a petitioner may raise a claim of illegal arrest in a habeas action. First, the "court must determine whether the state procedural mechanism, in the abstract, presents the opportunity to raise a fourth amendment claim. Second, the court must determine whether presentation of the claim was in fact frustrated because of a failure of that mechanism." *Machacek v. Hofbauer*, 213 F.3d 947, 952 (6th Cir. 2000) (quoting *Riley v. Gray*, 674 F.2d 522 (6th Cir. 1982)).

"Michigan has a procedural mechanism which presents an adequate opportunity for a criminal defendant to raise a Fourth Amendment claim." *Robinson v. Jackson*, 366 F. Supp. 2d 524, 527 (E.D. Mich. 2005). This procedural mechanism is a motion to suppress, ordinarily filed before trial. *See People v. Ferguson*, 376 Mich. 90, 93-94, 135 N.W.2d 357, 358-59 (1965)

(describing the availability of a pre-trial motion to suppress); *see also People v. Harris*, 95 Mich. App. 507, 509, 291 N.W.2d 97, 99 (1980) (analyzing the legality of a warrantless search, seizure, and arrest even though raised for the first time on appeal). Accordingly, Petitioner is entitled to relief on this issue only if he establishes that he was prevented from litigating the Fourth Amendment issues by a failure of Michigan's procedural mechanism. Petitioner has not done so. The record reveals that Petitioner raised the illegal stop and illegal search and seizure issues in a motion to remand and on direct appeal. The Michigan Court of Appeals reviewed those issues for plain error and found none in affirming Petitioner's conviction, and the Michigan Supreme Court denied leave to appeal.

Given this record, it is clear that the Michigan courts were cognizant of Petitioner's Fourth Amendment issues and that he received all the process he was due. While Petitioner challenges the state courts' decisions and claims that he should have been given an evidentiary hearing, he has not shown that the procedures were flawed such that he was unable to properly litigate the issues. Petitioner had a full and fair opportunity to do so. Accordingly, his illegal stop/illegal search and seizure claim is not cognizable on federal habeas review pursuant to *Stone v. Powell*. Habeas relief is not warranted on this claim.

### B. Ineffective Assistance of Counsel Claim

Petitioner relatedly asserts that he is entitled to habeas relief because trial counsel was ineffective for failing to seek suppression of the seized cocaine and dismissal of the charges. Respondent contends that this claim is barred by procedural default and/or lacks merit.

In *Strickland v. Washington*, 466 U.S. 668 (1984), the United States Supreme Court set forth a two-prong test for determining whether a habeas petitioner has received the ineffective assistance

of counsel. First, a petitioner must prove that counsel's performance was deficient. This requires a showing that counsel made errors so serious that he or she was not functioning as counsel as guaranteed by the Sixth Amendment. *Strickland*, 466 U.S. at 687. Second, the petitioner must establish that counsel's deficient performance prejudiced the defense. Counsel's errors must have been so serious that they deprived the petitioner of a fair trial or appeal. *Id.*

As to the performance prong, a petitioner must identify acts that were "outside the wide range of professionally competent assistance" in order to prove deficient performance. *Id.* at 690. The reviewing court's scrutiny of counsel's performance is highly deferential. *Id.* at 689. Counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment. *Id.* at 690. The petitioner bears the burden of overcoming the presumption that the challenged actions were sound trial strategy. *Id.* at 689.

To satisfy the prejudice prong under *Strickland*, a petitioner must show that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694. A reasonable probability is one that is sufficient to undermine confidence in the outcome. *Id.* "On balance, the benchmark for judging any claim of ineffectiveness must be whether counsel's conduct so undermined the proper functioning of the adversarial process that the [proceeding] cannot be relied on as having produced a just result." *Strickland*, 466 U.S. at 686.

The Supreme Court has recently confirmed that a federal court's consideration of ineffective assistance of counsel claims arising from state criminal proceedings is quite limited on habeas review due to the deference accorded trial attorneys and state appellate courts reviewing their performance. "The standards created by *Strickland* and § 2254(d) are both 'highly deferential,' and

when the two apply in tandem, review is 'doubly' so." *Harrington*, 131 S. Ct. at 788 (internal and end citations omitted). "When § 2254(d) applies, the question is not whether counsel's actions were reasonable. The question is whether there is any reasonable argument that counsel satisfied *Strickland*'s deferential standard. *Id.* at 788.

Applying the *Strickland* standard, the Michigan Court of Appeals denied relief on this claim finding that Petitioner could not establish that trial counsel was ineffective because the record failed to show that the stop or search was illegal such that any motion to suppress the seized evidence would have been futile. *Parham*, 2009 WL 4981160 at *2. In reviewing the underlying Fourth Amendment issues for plain error, the Michigan Court of Appeals further explained:

> Here, because defendant did not challenge the legality of the stop in the circuit court, testimony concerning the reason for the stop was not developed.[FN3] From the available record, there is no basis for finding a plain error with respect to the stop of the vehicle.
>
> FN3. In his opening statement, defense counsel noted that the vehicle was "wanted for failure to return a rental vehicle."
>
> With regard to the search and seizure of narcotics of his pocket, defendant argues that Officer Diaz exceeded the parameters of a permissible patdown search. Specifically, defendant argues that it could not have been "immediately apparent" to Officer Diaz that the item she felt was contraband. "[P]olice cannot manipulate an object in order to determine if it is contraband; it must be immediately apparent from plain view or plain feel that the object is contraband." *People v. Custer*, 465 Mich. 319, 336, 630 N.W.2d 870 (2001) (Markman, J.).[FN4] However, the record does not show that Officer Diaz manipulated the material in defendant's pocket before determining that the contents were incriminating. *Cf. Minnesota v. Dickerson*, 508 U.S. 366, 113 S. Ct. 2130, 124 L. Ed. 2d 334 (1993) (officer detected small lump during patdown, but did not have probable cause to believe the lump was contraband until he put his hand in the pocket and manipulated the item with his fingers). Defendant argues that Officer Diaz could not have distinguished the contraband from other innocuous items such as rock candy, pebbles, sand, or baking powder. However, "it is not necessary to show that the officer knew that the object was contraband before [s]he seized it. Rather, it is only necessary ... to show that a reasonably cautious person in the circumstances would have been warranted

in the belief that the object was contraband." *Custer, supra,* p. 339, 630 N.W.2d 870 (citation omitted). Here, Officer Diaz testified that, based on her experience as a narcotics officer, immediately upon feeling defendant's front pocket she believed that defendant illegally possessed narcotics. On this record, there is no basis for finding a "plain error" in the admission of the evidence.

FN4. As noted in *People v. Fletcher*, 260 Mich. App. 531, 548 n. 8, 679 N.W.2d 127 (2004), a majority of our Supreme Court concurred in Justice Markman's opinion on this point.

*Parham*, 2009 WL 4981160 at *2.

The Michigan Court of Appeals' decision is neither contrary to Supreme Court precedent nor an unreasonable application of federal law or the facts. It is well-established that a police officer may make an investigatory stop upon "reasonable suspicion" that crime is afoot. *See Terry v. Ohio*, 392 U.S. 1, 30 (1968); *United States v. Davis*, 430 F.3d 345, 354 (6th Cir. 2005) (*Terry* permits a police officer to briefly detain a person for investigative purposes if the officer has a reasonable suspicion that criminal activity has occurred or is about to occur). The officer "must be able to point to specific and articulable facts which, taken together with reasonable inferences from those facts, reasonably warrant" the stop. *Terry*, 392 U.S. at 21. Additionally, an officer may conduct a reasonable search for weapons to ensure officer safety where "he has reason to believe that he is dealing with an armed and dangerous individual." *Id.* at 27; *see also United States v. Wilson*, 506 F.3d 488, 498 (6th Cir. 2007) (police may conduct a reasonable search for weapons for their own protection during a *Terry* stop). During such a search, an officer may lawfully seize contraband where the officer pats down the suspect's outer clothing for weapons, feels an object, and immediately recognizes the incriminating character of the contraband due to its contour or mass. *See Minnesota v. Dickerson*, 508 U.S. 366, 375-76 (1993) (formulating a "plain feel" doctrine akin to the "plain view" doctrine justifying warrantless seizures of contraband).

In this case, the record reveals that the police had reasonable suspicion to stop Petitioner's vehicle because it was reported as a "wanted" vehicle, possibly an unreturned rental car. After effectuating the stop, a police officer conducted a protective pat-down search and felt a hard mass which she believed to be narcotics based upon her work experience with narcotics. The officer's actions were justified. The amount of cocaine seized from Petitioner's pocket could make it immediately recognizable to someone with the police officer's experience in narcotics investigation. *See United States v. McGlown*, 150 F. App'x 462, 467-68 (6th Cir. 2005) (district court properly considered police officer's experience in upholding seizure of powder cocaine under the "plain feel" doctrine); *Weaver v. Shadoan*, 340 F.3d 398, 409 (6th Cir. 2003) (seizure of crack cocaine was lawful under "plain feel" doctrine); *United States v. Whiteside*, 22 F. App'x 453, 461 (6th Cir. 2001) (upholding seizure of cocaine from defendant's front pants pocket where police officer testified that he believed object was cocaine based upon his police academy training and patrol experience); *United States v. Walker*, 181 F.3d 774, 778-80 (6th Cir. 1999) (upholding seizure of crack cocaine during pat-down and subsequent strip search based upon officer's experience). Moreover, there is no indication that the police officer improperly manipulated the object to determine its character. Petitioner's Fourth Amendment claims regarding the vehicle stop and the pat-down search and seizure of evidence thus lack merit.

Consequently, Petitioner cannot establish that trial counsel was ineffective for failing to seek suppression of the seized evidence or dismissal of the charges. Defense counsel cannot be deemed ineffective for failing to make a futile motion or objection. *See McQueen*, 99 F.3d at 1316. Petitioner has thus failed to establish that counsel was ineffective under the *Strickland* standard. Habeas relief is not warranted on this claim.

11

V.      **Conclusion**

For the reasons stated, the Court concludes that Petitioner is not entitled to federal habeas relief on the claims contained his petition and that the petition for a writ of habeas corpus must be denied.

Before Petitioner may appeal the Court's decision, a certificate of appealability must issue. *See* 28 U.S.C. § 2253(c)(1)(a); Fed. R. App. P. 22(b). A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). When a court denies a habeas claim on the merits, the substantial showing threshold is met if the petitioner demonstrates that reasonable jurists would find the court's assessment of the constitutional claim debatable or wrong. *See Slack v. McDaniel*, 529 U.S. 473, 484-85 (2000). "A petitioner satisfies this standard by demonstrating that . . . jurists could conclude the issues presented are adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 537 U.S. 322, 327 (2003). In applying this standard, a court may not conduct a full merits review, but must limit its examination to a threshold inquiry into the underlying merits. *Id.* at 336-37.

Having conducted the requisite review, the Court concludes that Petitioner has failed to make a substantial showing of the denial of a constitutional right as to his habeas claims. A certificate of appealability is not warranted. The Court further concludes that Petitioner should not be granted leave to proceed *in forma pauperis* on appeal as any appeal would be frivolous and cannot be taken in good faith. *See* Fed. R. App. P. 24(a).

Accordingly;

**IT IS ORDERED** that the petition for a writ of habeas corpus is **DENIED** and **DISMISSED WITH PREJUDICE.**

**IT IS FURTHER ORDERED** that a certificate of appealability and leave to proceed *in forma pauperis* on appeal are **DENIED**.

                                                            _____
                                                            PAUL D. BORMAN
                                                            UNITED STATES DISTRICT JUDGE

DATED: 9/1/11